Leonor ORTIZ–SANCHEZ, Petitioner,

v.

Alberto R. GONZALES,* Attorney General, Respondent.

No. 03–74132.

United States Court of Appeals, Ninth Circuit.

---

* Alberto R. Gonzales is substituted for his predecessor, John Ashcroft, as Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

Submitted March 24, 2005.**

Decided May 9, 2005.

Tim R. Everett, Esq., Law Office of Tim R. Everett, Los Angeles, CA, for Petitioner.

CAC-District Counsel, Esq., Office of the District Counsel, Los Angeles, CA, Ronald E. LeFevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, James E. Grimes, Esq., Arthur L. Rabin, Esq., U.S. Department of Justice, Washington, DC, for Respondent.

Before: SKOPIL, BOOCHEVER, and LEAVY, Circuit Judges.

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

MEMORANDUM ***

Leonor Ortiz–Sanchez petitions for review from the summary affirmance by the Board of Immigration Appeals ("BIA") of the decision by an Immigration Judge ("IJ") denying her relief from removal and denying voluntary departure. We have jurisdiction under 8 U.S.C. § 1252(a)(1), and we deny the petition.

While we do not have jurisdiction to review the denial of a request for voluntary departure, *see Mansour v. Ashcroft,* 390 F.3d 667, 673 (9th Cir.2004), due process protects immigrants in removal proceedings, guaranteeing a full and fair hearing. *See Arreola–Arreola v. Ashcroft,* 383 F.3d 956, 962 (9th Cir.2004). To prevail on due process grounds, however, Ortiz–Sanchez must show that she suffered prejudice. *Id.* at n. 9 (immigrant must show plausible ground for relief).

Ortiz–Sanchez did not present any evidence that she was afraid of her husband, had been abused, or was a member of a family that qualified for "social group" status. *See Lin v. Ashcroft,* 377 F.3d 1014, 1029 (9th Cir.2004) (as amended) (family is not automatically entitled to "social group" status). The IJ was not required to initiate a line of questioning not supported by any testimony or other evidence, or to urge Ortiz to apply for asylum. In addition, Ortiz–Sanchez is time-barred from applying for asylum, because she did not file within one year of entry into the United States, and she does not indicate how she might be eligible for any exception. *See* 8 U.S.C. § 1158(a)(2)(B) and (a)(2)(D).

We reject Ortiz–Sanchez's argument that she was not properly advised about

*** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.

the two forms of voluntary departure, as the IJ described them at the hearing. *See* 8 U.S.C. § 1229c(a)(1) and (b)(1). Further, there was no violation of due process related to Ortiz–Sanchez's lie about her prior conviction, as she was given ample opportunity to admit it, was prodded several times, and only admitted it when confronted with the actual date. This was not a denial of a full and fair hearing.

PETITION FOR REVIEW DENIED.